IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CEDRIC E. LYTTON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 12-0170-KD-C |
| THYSSENKRUPP INPLANT SERVICES, LLC, | : | |
| | : | |
| Defendant. | | |

## **REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the complaint (Doc. 1) and plaintiff's failure to pay the filing fee as ordered (*compare* Doc. 3 *with* Docket Sheet). Upon consideration of all pleadings in the Court's file, the Magistrate Judge recommends that the Court **DISMISS** plaintiff's complaint without prejudice.

## **PROCEDURAL HISTORY**

Plaintiff filed what he coined a "[d]iscrimination wrongfully termination suit" in this Court on March 5, 2012. (Doc. 1.) The facts underlying the complaint consist of Lytton's allegations that he was terminated from his employment on or about September 17, 2011 based upon "lies" conveyed by TK steel worker Justin Blue to his supervisors that he had been asked to package a steel coil and failed to do so. (*See id.* at

1-3 & 5.)¹ The only mention of a discriminatory motive by plaintiff in the complaint is on page four, plaintiff averring the following: "My claim is I was terminated due to false acquisations (sic) for reasons of race." (*Id*. at 4.) However, plaintiff nowhere in his complaint sets forth a basis for this Court to exercise subject-matter jurisdiction (*see id*. at 1-7) and the sole attachment to the complaint, other than a statement by plaintiff's shift leader Lawrence Patton and the typed "statements" of Justin Blue and Hunter Martin, is a decision on plaintiff's unemployment compensation claim by the State of Alabama Department of Industrial Relations Hearing and Appeals Division (*see* Doc. 1, DECISION OF EMPLOYMENT COMPENSATION CLAIM).

Concurrent with the filing of the complaint, Lytton filed a motion to proceed without prepayment of fees. (Doc. 2.) This motion was denied by the undersigned by endorsement on March 7, 2012. (Doc. 3.)

> Plaintiff has failed to plead and prove that this Court has jurisdiction over his claim for "wrongful termination." See Fed.R.Civ.P. 12(h)(3). If the filing fee of $350 is not paid by March 23, 2012, it will be the undersigned's recommendation that this action be dismissed because the plaintiff has failed to qualify for in forma pauperis status or pay the filing fee.

(*Id*.) To date, plaintiff has not paid the filing fee or otherwise responded to the order dated March 7, 2012. (*See* Docket Sheet.)²

## CONCLUSIONS OF LAW

---

¹ Blue's "lies" apparently occurred one day after plaintiff admittedly failed to package a steel coil for shipment on August 26, 2011 upon instruction from his shift supervisor to leave the coil for the next shift. (*Id*. at 1.)

² Plaintiff undoubtedly received a copy of the March 7, 2012 order as there is no indication on the docket sheet that same was returned as undeliverable. (*See id*.)

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997), citing *Coppedge v. United States*, 369 U.S. 438, 446, 82 S.Ct. 917, 921-922, 8 L.Ed.2d 21 (1962). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978, 119 S.Ct. 27, 147 L.Ed.2d 787 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983), citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-1307 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. ' 1915. . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F.Supp. 1071, 1072 (E.D. Wis. 1997), citing 28 U.S.C. ' 1915(a) & (e)(2)(B)(i). In this case, the order of March 7, 2012 was a negative determination with respect to this second prong, the undersigned specifically noting that plaintiff had failed to "plead and prove that this Court has jurisdiction over his claim for 'wrongful

3

termination[,]' [s]ee Fed.R.Civ.P. 12(h)(3)." (Doc. 3.) Rule 12(h)(3) of the Federal Rules of Civil Procedure specifically provides, of course, that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." *Id.* (emphasis supplied). Plaintiff's wholesale failure to plead a proper basis for this Court to exercise jurisdiction in this matter makes his complaint obviously frivolous and the undersigned's denial of his motion for leave to proceed *in forma pauperis* proper. Because plaintiff did not pay the $350.00 filing fee by the court-ordered deadline of March 23, 2012, it is the undersigned's recommendation that this action be dismissed.[3]

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 31st day of July, 2012.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff would fare no better if this Court implicitly recognized that his vague claim of racially discriminatory termination was being brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* This is because "Title VII requires an individual alleging employment discrimination to file a charge with the EEOC before bringing a civil complaint in a federal court[,]" *Gary v. Menlo Logistics Global Trans. Services, Inc.*, 2007 WL 528096, *4 (N.D. Ga. Feb. 18, 2007), citing 42 U.S.C. § 2000e-5(f)(1); *see also id.* ("Upon the filing of a charge, the EEOC conducts an investigation into the alleged discriminatory practices of the employer. . . . Only after the EEOC has notified the aggrieved person of its decision to dismiss the charges, or its inability to bring a civil action within the requisite time period, can that person bring a civil action. . . . An employee must completely exhaust the administrative remedies available from the EEOC before filing suit in federal court."), and there is absolutely nothing in plaintiff's complaint which establishes that he filed a charge of discrimination with the EEOC and exhausted all administrative remedies available from the EEOC. (*See* Doc. 1.) No matter how the complaint is "cut," it is frivolous and, therefore, the undersigned properly denied Lytton's IFP motion and now properly recommends the dismissal of the complaint.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l. *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).